UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| THOMAS W. GRISHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:16 CV 283 ACL |
| vs. | ) |
| | ) |
| GUARANTEE TRUST LIFE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Pending before the Court is the motion of Third-Party Defendant Platinum Supplemental Insurance, Inc., f/k/a Platinum Services, Inc. ("Platinum") to sever and transfer the third-party claim in this matter to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a). (Doc. 28.) Third-Party Plaintiff Guarantee Trust Life Insurance Company ("GTL") opposes the motion, which is fully briefed and ripe for review. For the following reasons, the Court will grant Platinum's Motion.

*Procedural Background*

Plaintiff Thomas W. Grisham filed this action on December 8, 2016, asserting breach of contract, vexatious refusal to pay, and defamation claims against Defendant GTL related to an insurance policy issued by GTL to Grisham. (Doc. 1.) In the Complaint, Grisham states that GTL issued a First Diagnosis Cancer policy to him with an effective date of November 4, 2014 ("Policy"). Derek Mays, described by Grisham as an agent of GTL, solicited and completed Grisham's insurance application. Grisham asserts that he provided Mays with honest and accurate responses to all questions asked of him. Specifically, he contends that he disclosed all diagnostic testing he had undergone, and that Mays advised him to respond "no" to Question #3.

1

Grisham alleges that he was diagnosed with mantel cell lymphoma on November 11, 2014, which triggered benefits under the Policy. He claims that GTL wrongfully denied his claim for benefits on March 2, 2015.

On October 18, 2017, GTL filed a Third-Party Complaint against Platinum, arguing that GTL is entitled to contractual indemnification and contribution from Platinum for any of Platinum's and its agents' actions contributing to the loss alleged in *Grisham's* Complaint. (Doc. 23.) According to the Third-Party Complaint, GTL and Platinum entered into a development and Exclusive Marketing Agreement on April 4, 2002 ("Contract") and were parties to another agreement dated November 5, 2009 ("SIM Agreement"). Both the Contract and SIM agreement provided that GTL and Platinum would jointly develop various insurance products that would be sold exclusively by Platinum and underwritten by GTL. The Contract limited Platinum's authority to make, alter, or discharge any insurance policy except as authorized by the Contract or GTL. In the Contract, Platinum agreed that it was responsible for its, and its agents, compliance with all local, state, and federal laws and regulations, and that Platinum and its agents would abide by all rules, guidelines, and requirements established by GTL in conducting business under the Contract. Platinum also agreed that it would comply with and cause its agents to comply with, all of GTL's company procedures and rules concerning advertising policies, marketing guidelines, and GTL's code of ethical market conduct. Further, the Contract stated that Platinum would hold GTL and its agents harmless from any damages, liabilities, or claims relating to or arising from any act or omission by Platinum and its agents regarding the Contract or any applicable law, rule, or regulation. GTL alleged that Derek Mays was an agent of Platinum, and that Grisham claims Mays instructed him to answer portions of the application incorrectly in violation of the Contract. GTL contends that, if Grisham's claims are true, the actions of Platinum and its agent are within the terms of the indemnification and contribution provisions in the Contract between Platinum and

GTL. GTL alleges that it is entitled to contractual indemnity and contribution from Platinum for Platinum and its agents' acts, including: making negligent misrepresentations concerning Grisham's answers to the insurance policy application; breaching the Contract with GTL by failing to indemnify and contribute to the defense of this lawsuit; negligent supervising and monitoring its agents in the marketing and selling of insurance policies that are underwritten by GTL; and intentional actions or omissions in the solicitation and procurement of the insurance policy application of Grisham.

### *Past Litigation between GTL and Platinum Relevant to Motion to Sever[1]*

On December 11, 2017, Platinum filed the instant Motion to Sever and Transfer the Third-Party Complaint. Platinum states that GTL and Platinum have litigated aspects of their business relationship on two prior relevant occasions. *See Platinum Supp. Ins. Co., Inc. v. Guarantee Trust Life Ins. Co.*, Case No. 14-4767 (N.D. Ill); *Guarantee Trust Life Ins. v. Platinum Supp. Ins.,* Case No. 2015-CH-17997, Cook County, Illinois. Both prior cases resulted in confidential settlement agreements. *See* Doc. 28-1 ("Settlement Agreement No. 1"); Doc. 28-2 ("Settlement Agreement No. 2"). Platinum argues that any claims GTL has arising out of Platinum's performance under any marketing agreement (including those claims alleged by Grisham in the instant action), have been resolved in the settlement of the previous Cook County lawsuit.

The Cook County lawsuit involved allegations that Platinum breached the Marketing Agreement by not training or supervising its agents properly. The centerpiece of GTL's Cook County lawsuit was a separate lawsuit, the *Casper Lawsuit*. That suit was brought against GTL and Platinum by a policy holder in Colorado. The suit alleges that a sales agent retained by

---

[1]The Court's summary of the litigation history between the parties is taken from Platinum's Motion to Sever and Transfer, with any disputes noted. (Doc. 28.)

3

Platinum misrepresented terms of an insurance policy being sold. The alleged misrepresentations were the basis for the lawsuit filed against GTL and Platinum in Colorado state court. The case ultimately resulted in a jury verdict against GTL. After the jury verdict, GTL sought damages from Platinum for breach of the Marketing Agreement. Specifically, GTL alleged Platinum failed to properly train and supervise its sales force. GTL identified as elements of its damages the defense costs associated with defending the *Casper Lawsuit* and the potential damages awarded therein.

On February 27, 2017, GTL and Platinum agreed to settle the Cook County lawsuit and reduced the terms of the settlement to a written agreement ("Settlement Agreement No. 2"). Settlement Agreement No. 2 contains a mandatory forum selection clause requiring any disputes relating to the Cook County lawsuit settlement be litigated in the United States District Court for the Northern District of Illinois. On March 31, 2017, Judge Thomas R. Allen entered an Order dismissing the Cook County lawsuit stating "[t]he parties agree that all claims that were filed or could have been filed in the Cook County litigation shall be deemed settled and resolved." (Doc. 28-4 at p. 1.)

On October 18, 2017, GTL filed the third-party action in the instant case. (Doc. 23.) GTL's third-party action includes claims that Platinum failed to train or supervise its agents. Platinum argues these claims are virtually identical to those brought and settled in the Cook County lawsuit. As a result, Platinum filed a declaratory judgment action against GTL in the United States District Court for the Northern District of Illinois ("Declaratory Judgment Action"). Platinum requests that the Court sever the third-party claim in this Court, and transfer it to the Northern District of Illinois, where it can be litigated in accordance with the terms of Settlement Agreement No. 2.

*Discussion*

As noted above, Platinum seeks to have this case transferred to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

GTL makes the following arguments in opposition to Platinum's Motion: (1) Platinum has not met the burden for relief pursuant to 28 U.S.C. § 1404(a); (2) the Motion defeats the purpose of Rule 14; and (3) this case does not arise out of the settlement agreement being litigated in the Northern District of Illinois. The undersigned will discuss these claims in turn.

**I.    28 U.S.C. § 1404(a) Analysis**

Platinum argues that transfer of this case pursuant to 28 U.S.C. § 1404(a) is appropriate according to the parties' agreement and the United States Supreme Court's decision in *Atlantic Marine Const. Co. v. United States Dist. Court for the W. Dist. of Tex.,* 134 S.Ct. 568 (2013).

GTL, relying upon *Terra Int'l Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997), contends that Platinum has not met its burden for relief. GTL claims that the following facts support the denial of Platinum's Motion: Grisham is a resident of Missouri, GTL and Platinum both conducted business in Missouri, the witnesses are residents of Missouri, and the Policy was procured in Missouri. GTL further argues that it favors judicial economy to have all of the present claims litigated in the same case.[2]

---

[2]GTL also argues in this section that Platinum incorrectly refers to the instant action as an "'indemnity' action only." (Doc. 38 at 5.) Platinum in fact accurately refers to the third-party action as seeking "contractual indemnity and contribution from Platinum for alleged breaches to the Marketing Agreement, including failing to train or supervise its sales staff." (Doc. 29 at 4.) To the extent GTL argues that the Settlement Agreement does not apply to the third-party claim, the undersigned will discuss this issue below.

5

In determining whether to exercise its discretion to transfer an action pursuant to § 1404(a), the Court ordinarily considers a myriad of factors related to the parties' private interests, such as convenience of the parties and witnesses, access to sources of proof and evidence, the availability of compulsory process for attendance of unwilling witnesses, the cost of obtaining witness attendance, the possibility of viewing relevant premises, and other practicalities related to ensuring expedient and inexpensive trials. *Atl. Marine Const. Co., Inc.*, 134 S.Ct. at 581-82. The Court also considers various public-interest factors, such as administrative difficulties related to court congestion, local interests in having localized controversies decided at home, and the interest of having diversity cases determined by a court familiar with the applicable law. *Id.*; *see Terra Int'l, Inc.*, 119 F.3d at 691. Typically, the burden is upon the party seeking transfer to "make a clear showing that the balance of interests weighs in favor of the proposed transfer, and unless that balance is strongly in favor of the moving party, the plaintiff's choice of forum should not be disturbed." *Medicap Pharm., Inc. v. Faidley*, 416 F. Supp.2d 678, 686 (S.D. Iowa 2006) (citations omitted)).

This "typical" § 1404(a) analysis, however, does not apply in this case due to the presence of a valid forum selection clause. The Supreme Court has instructed that "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Atl. Marine Const. Co.,* 134 S.Ct. at 581. "[W]hen parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations." *Id.* at 583. In a case not involving a forum-selection clause, a district court must evaluate both the convenience of the parties and various public-interest considerations. *Id.* at 581.

If there is a valid forum-selection clause, however, the district court must adjust its usual § 1404(a) analysis in a number of ways. "First, the plaintiff's choice of forum merits no weight."

6

*Id.* Instead, as the party "defying" the clause, "the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* Second, a district court "should not consider arguments about the parties' private interests." *Id.* at 582. Once parties agree to a forum-selection clause, "they waive the right to challenge the preselected forum as inconvenient," and the district court may consider public-interest factors only. *Id.* What is more, public-interest factors "will rarely defeat a transfer motion" with "the practical result ... that forum-selection clauses should control except in unusual cases." *Id.* A third difference, is that "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." *Id.* (citing *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241, n.6 (1981)). "[P]roper application of § 1404(a) requires that a forum-selection clause be given controlling weight in all but the most exceptional cases." *Id.* at 579 (internal citations omitted).

Additionally, "[t]he distinction between mandatory and permissive forum selection clauses matters for the purposes of the § 1404 analysis." *Discovery Pier Land Holdings, LLC v. Visioneering Envision.Design.Build, Inc.*, Case No. 4:14CV2073 (CEJ), 2015 WL 1526005, at *3 (Apr. 2, 2015). If the forum selection clause is mandatory, the Court must apply the *Atlantic Marine* decision and adjust its usual § 1404(a) analysis by refusing to consider arguments about the parties' private interests in favor of public interest factors only. *Atl. Marine Const. Co., Inc.,* 134 S. Ct. at 582.

The forum selection clause at issue is contained in paragraphs two and 13 of Settlement Agreement No. 2 (Doc. 38-1), which was filed under seal. As an initial matter, the Court finds that the forum selection clause, providing that disputes "shall be resolved" by filing suit in the Northern District of Illinois, *id.*, at ¶ 13, is mandatory rather than permissive.

/

GTL does not address the standard set forth in *Atlantic Marine*, nor does GTL argue that the forum-selection clause in this case is invalid. Instead, GTL conducts the typical interest factor analysis and cites *Terra*, which was decided prior to *Atlantic Marine*. Because a valid forum-selection clause is present in this matter, the private interest factors discussed by GTL do not control. Additionally, GTL is not aided by *Terra*, as the Eighth Circuit ultimately found that the forum selection clause at issue applied and the district court did not err in transferring the case to the agreed upon forum. *Terra Intern., Inc.*, 119 F.3d at 697.

GTL agreed to the relevant forum selection clause on February 28, 2017. At that time, GTL was aware of Grisham's action, as it filed its Answer to Grisham's Complaint on February 3, 2017. Pursuant to *Atlantic Marine*, the Court should enforce the forum selection clause and transfer the case to the United States District Court for the Northern District of Illinois, unless GTL satisfies its burden to show that this case presents extraordinary circumstances such that the forum selection clause should not be enforced. Although GTL does not specifically argue that extraordinary circumstances exist, GTL makes the following arguments in opposition to transfer: transfer would defeat the purpose of Rule 14; and this case does not arise out of the settlement agreement being litigated in the Northern District of Illinois. The Court will discuss these arguments to determine whether they constitute extraordinary circumstances.

## II.     Rule 14

Rule 14 allows a defending party to bring an action against a nonparty "who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). GTL argues that transfer of the third-party claim would defeat the purpose of Rule 14, which is to avoid inconsistent results and unnecessary duplication of litigation.

8

GTL's claim lacks merit. Rule 14 specifically contemplates motions to sever and transfer, as it provides that a party "may move to strike the third-party claim, to sever it, or to try it separately." Fed. R. Civ. P. 14(a)(4).

GTL cites no authority for the proposition that an impleaded party is precluded from filing a motion to transfer under 28 U.S.C. § 1404(a), or that the interests of Rule 14 outweigh the right to transfer under 28 U.S.C. § 1404(a). *See Lyon Fin. Servs., Inc. v. Dutt*, 2008 WL 5104686 at *2 (D. Minn. 2008) ("an impleaded defendant can move to transfer under 28 U.S.C. § 1404(a).").

Indeed, other courts considering this issue have rejected GTL's argument and enforced forum selection clauses invoked by third-party defendants against third-party plaintiffs. *See, e.g.*, *Pinkus v. Sirius XM Radio Inc.*, 255 F. Supp. 3d 747, 750-51 (N.D. Ill. 2017); *Global Quality Foods, Inc. v. Van Hoekelen Greenhouses, Inc.*, 2016 WL 4259126, *5 (N.D. Cal. Aug. 12, 2016); *Robrinzine v. Big Lots Stores, Inc.*, 2016 WL 3459733 (N.D. Ill. June 24, 2016). As noted by the Northern District of Illinois, "[a]lthough judicial efficiency is important, the Supreme Court has instructed that forum selection clauses should be enforced 'in all but the most exceptional cases.'" *Pinkus*, 255 F. Supp.3d at 751 (quoting *Atl. Marine Const. Co.*, 134 S.Ct. at 581.)

GTL argues that Platinum is seeking to cause one trial against Platinum in the Northern District of Illinois to determine whether Mr. Mays wronged Grisham, and another trial in the Eastern District of Missouri to determine the same fact, in contravention of the purpose of Rule 14. GTL's characterization is inaccurate. If the third-party action is transferred, Grisham will proceed to litigate his case in this Court, while GTL and Platinum will litigate the applicability of the Settlement Agreement in the Northern District of Illinois.

Thus, the Court finds that Platinum's status as an impleader in this action does not demonstrate "extraordinary circumstances" precluding the enforcement of the forum selection clause.

### III. Applicability of Settlement Agreement

Finally, GTL argues that Platinum's Motion should be denied because the third-party claim in this case does not arise out of the settlement agreement being litigated in the Northern District of Illinois. GTL contends that this action arises out of a tort that Platinum allegedly committed and the breach of a marketing agreement. GTL states that Platinum is attempting to confuse the Court as to which "agreement" the forum selection clause is referring, and the filing of the confidential settlement agreement under seal is "problematic because Platinum is arguing that this court has no business interpreting that agreement." (Doc. 38 at 6-7.)

Platinum responds that the issue of whether the Third-Party Complaint arises out of the Settlement Agreement is to be decided in the declaratory judgment action pending in the Northern District of Illinois, the forum upon which GTL and Platinum contractually agreed to resolve disputes regarding the Settlement Agreement. Platinum states that, before the merits of GTL's tort and contract claims can be decided, it must first be determined whether the Third-Party Complaint is subject to the Settlement Agreement.

The Court agrees that the issue of whether the Third-Party Complaint is subject to the Settlement Agreement is an issue to be decided by the Northern District of Illinois. The terms of the Settlement Agreement require that any disputes related to the agreement be resolved in the Northern District of Illinois. At the time GTL agreed to the forum selection clause, GTL was aware of the instant action. Rather than filing a complaint in the Northern District of Illinois, GTL chose to file the action in this Court. In order for this Court to determine whether Platinum's Motion to Sever and Transfer should be granted based on the forum selection clause, the Court must review the contract. Platinum appropriately filed the relevant documents under seal for this Court's review for this limited purpose.

The Court therefore finds that GTL fails to demonstrate that "extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." Thus, *Atlantic Marine* requires that this Court transfer GTL's Third-Party Complaint to the Northern District of Illinois.

Accordingly,

**IT IS HEREBY ORDERED** that Platinum's Motion to Sever and Transfer (Doc. 28) **is granted**.

**IT IS FURTHER ORDERED** that Guarantee Trust Life Insurance Company's Third-Party Complaint against Third-Party Defendant Platinum Supplemental Insurance, Inc. is severed from the instant action and transferred to the United States District Court for the Northern District of Illinois, where it can be consolidated with the current pending action, *Platinum Supplemental Insurance, Inc. v. Guarantee Trust Life Insurance Company*, Case No. 1:17CV08872.

**IT IS FURTHER ORDERED** that the stay of discovery previously imposed in this matter is **lifted**.

**IT IS FURTHER ORDERED** that the parties shall file an Amended Joint Proposed Scheduling Plan no later than **April 19, 2018**. A scheduling conference will be set at a later date.

Dated this 5th day of April, 2018.

/s/ Abbie Crites-Leoni
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE